DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAMERI MEIKLE,**
Appellant,

v.

**U-HAUL COMPANY OF FLORIDA 905 LLC** and **BLADIMIR PEREZ,**
Appellees.

No. 4D2024-0847

[January 15, 2025]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE23-011645.

Maria L. Rubio of The Law Offices of Maria L. Rubio, P.A., Miami, and Philip D. Parrish of Philip D. Parrish, P.A., Miami, for appellant.

Wendy F. Lumish and Daniel A. Rock of Bowman and Brooke LLP, Miami, for appellees.

PER CURIAM.

Shameri Meikle appeals an order granting U-Haul Co. of Florida's motion to stay the litigation and compel arbitration. Meikle was a minor when he was allegedly injured by equipment which his mother had rented from U-Haul. Meikle sued U-Haul for negligence, and U-Haul sought to enforce an arbitration agreement in the mother's rental contract. Meikle argued that the arbitration agreement was not valid, and even if it were valid, it could not be enforced against a non-party to the rental contract. The circuit court compelled arbitration under a contract provision delegating issues of arbitrability to the arbitrator.

First, Meikle argues the circuit court erred when it directed the arbitrator to decide if the arbitration agreement was valid. Second, Meikle argues the circuit court erred when it compelled arbitration because he was not a party to the contract.

In ruling on a motion to compel arbitration, a court generally considers whether: (1) a valid written agreement to arbitrate exists, (2) an arbitrable

issue exists, and (3) the right to arbitration has been waived. *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013) (citing *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)). Parties to a contract containing a purported arbitration agreement can agree to submit to the arbitrator any "'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Airbnb, Inc. v. Doe*, 336 So. 3d 698, 703 (Fla. 2022) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019) (holding that when the parties agree to delegate questions of arbitrability to the arbitrator, the court has no power to decide those issues).

Based on this authority, the circuit court correctly decided that questions of arbitrability are properly left to the arbitrator. The rental contract between U-Haul and Meikle's mother "clearly and unmistakenly" evidences the parties' intent to delegate to the arbitrator any questions as to the existence or validity of the purported arbitration agreement. *Airbnb, Inc.*, 336 So. 3d at 704.

Nevertheless, it is undisputed that Meikle was not a party to the rental contract, and a non-contracting party generally cannot be bound by an arbitration agreement. *See Seifert*, 750 So. 2d at 636 ("[N]o party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate."); *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146, 148 (Fla. 2016) ("Third persons who are not parties to an arbitration agreement generally are not bound by the agreement.") (quotation omitted).

While an exception allowing arbitration exists when a parent signs the contract on the minor's behalf, *see Glob. Travel Mktg., Inc. v. Shea*, 908 So. 2d 392 (Fla. 2005), no parent signed the contract on Meikle's behalf in this case. And it is undisputed that Meikle was not a party to the contract. As a result, we conclude the circuit court erred when it enforced the contract as to Meikle and reverse the circuit court's order doing so.

*Reversed and remanded.*

KLINGENSMITH, C.J., WARNER and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**